## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 05-762 PSG (FFM) | Date | March 9, 2017 |
|---|---|---|---|
| Title | THEDOIS BROWN v. S. RYAN, Warden | | |

| Present: The Honorable | Frederick F. Mumm, United States Magistrate Judge | |
|---|---|---|
| James Munoz | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT

On February 28, 2017, petitioner filed a status report advising the Court that the Riverside County Superior Court (the "superior court") had granted petitioner's state court petition on January 20, 2017. (Dkt. 114 at 2.) The status report also stated that the superior court has set petitioner's case for a jury trial setting. (*Id.* at 3.) Finally, petitioner informed the Court that he intends to dismiss the petition pending before this Court "once the state-court judgment becomes final." (*Id.*)

Article III of the United States Constitution limits the jurisdiction of federal courts to "live cases and controversies." *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); *accord Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit as a result of some actual injury that is likely to be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Thus, where events that occur after the initiation of a case render a federal court unable to provide the relief sought, the case must ordinarily be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

Here, petitioner's state habeas petition was granted and the parties are ostensibly proceeding under the assumption that he will be retried. This seemingly indicates that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-762 PSG (FFM) | Date | March 9, 2017 |
|---|---|---|---|
| Title | THEDOIS BROWN v. S. RYAN, Warden | | |

original judgment of conviction for which he was imprisoned has been vacated.  Because the nature of habeas corpus is a collateral attack on the *judgment* of conviction, the Court cannot grant petitioner any relief because the challenged judgment has been vacated.  *See* 28 U.S.C. § 2254(d) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (emphasis added)).  Other courts within this circuit have found that where a petitioner's state petition is granted, his federal petition attacking that same judgment becomes moot.  *See, e.g.*, *Stephens v. Yates*, 2010 WL 5314955, at *2 (C.D. Cal. Nov. 15, 2010) ("The Petition is moot and must be dismissed . . . . Petitioner received relief on all of the claims in his Petition when the Superior Court granted Petitioner's state habeas petition and ordered a new trial.").  Accordingly, it appears that the stay of this case should be lifted and that the petition should be dismissed as moot.

Furthermore, dismissal of the present petition as moot would not erect any new barriers that petitioner may have to overcome in later federal habeas proceedings.  Any new judgment of conviction would restart the limitations period once that judgment achieved finality.  Thus, dismissal would not cause petitioner to run afoul of AEDPA's one-year limitations period.  *See* 28 U.S.C. § 2244(d).

Based on the foregoing, petitioner is ordered to show cause, in writing and within fourteen (14) days of this Order, why his federal habeas petition should not be dismissed as moot.  After reviewing petitioner's response, the Court will consider whether to order briefing from respondent.

IT IS SO ORDERED.

:

Initials of Preparer    JS for  JM